# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-574V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | \* | |
| WARREN K. BAILEY, | \* | |
| | \* | |
| Petitioner, | \* | Filed: March 23, 2017 |
| | \* | |
| v. | \* | Decision by Proffer; Vaccine Act |
| | \* | Entitlement; Damages; Influenza |
| SECRETARY OF HEALH | \* | Vaccine; Shoulder Injury Related to |
| HUMAN SERVICES | \* | Vaccine Administration (SIRVA) |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul S. Dannenberg, Huntington, Vermont, for Petitioner*
*Ilene Albala, U.S. Department of Justice, Washington, D.C., for Respondent.*


## DECISION[1]

**HASTINGS,  Special Master**.

    This is an action seeking an award under the National Vaccine Injury Compensation Program[2] on account of an injury suffered by Warren K. Bailey.  On February 16, 2017, Respondent filed a report conceding that Petitioner is entitled to compensation in this case.

    After discussions between the parties, on March 21, 2017, Respondent filed a "Proffer on Award of Compensation."  Petitioner's counsel, Paul Dannenberg, contacted a member of my staff by e-mail, on March 22, 2017, to indicate that Petitioner accepts Respondent's Proffer as a reasonable measure of the amount of the award in this case.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website.  Therefore, this document will be made available to the public unless the Petitioner files, within fourteen days, an objection to the disclosure of any material in the Decision that would constitute, "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  *See* 42 U.S.C. § 300aa—12(d)(4)(B); Vaccine Rule 18(b).

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa—10 *et seq.* (2012). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012).  I will also sometimes refer to the Act of Congress that created the Program as the "Vaccine Act."

I have reviewed the file, and based on that review, I conclude that the Respondent's Proffer appears to be an appropriate one, pursuant to § 300aa-15(b). (I have attached a copy of the Proffer to this decision.) I order that Respondent make a lump sum payment as described below.

- Respondent shall make a total lump sum payment of $125,000.00, in the form of a check payable to Petitioner, representing compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that Proffer, and the clerk must enter judgment, in order to authorize payment of the award. See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

Warren K. Bailey is entitled to an award under the Vaccine Act to provide compensation for her injury. The award shall be in the form of a lump sum payment, as provided above.

In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accord with this Decision.

**IT IS SO ORDERED.**

    /s/ George L. Hastings, Jr**.**
George L. Hastings, Jr.
Special Master

---

[3] The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

WARREN K. BAILEY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 15-574V
Special Master George Hastings
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 16, 2017, respondent filed a Rule 4(c) Report in which she conceded

entitlement. Respondent now proffers that petitioner receive an award of a lump sum of

**$125,000.00** in the form of a check payable to petitioner. This amount represents compensation

for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1]

This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally

entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon

petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$125,000.00** as representing all elements of

compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

                Respectfully submitted,

                CHAD A. READLER
                Acting Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4098

Dated:  March 21, 2017